
USCA1 Opinion

	




       [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 99-1586

                           SEAN MURPHY,

                           Petitioner,

                                v.

          KATHLEEN M. HAWK, BUREAU OF PRISONS DIRECTOR,

                           Respondent.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF MASSACHUSETTS

          [Hon. Richard G. Stearns, U.S. District Judge]



                              Before

                     Torruella, Chief Judge,
                Stahl and Lipez, Circuit Judges.
                                
                                
                                
                                
                                
     Sean Murphy on brief pro se.
     Donald K. Stern, United States Attorney, and James F. Lang,
Assistant U.S. Attorney, on brief for respondent.





January 18, 2000



                                
                                



            Per Curiam.  Pro se petitioner Sean Murphy appeals a
  district court judgment that denied his 28 U.S.C.  2241
  petition for a writ of habeas corpus to compel the Bureau of
  Prisons (BOP) to reduce his federal sentence.  This appeal asks
  us to determine whether the BOP must consider a prisoner who
  served most of his federal prison term at a state correctional
  facility where he successfully completed a state drug abuse
  treatment program eligible for a sentence reduction under 18
  U.S.C.  3621(e)(2)(B). 
            Applying de novo review, see, e.g., Martinez v.
  Flowers, 164 F.3d 1257, 1258 (10th Cir. 1998), we conclude that
  the district court properly denied the petitioner relief on the
  ground that the BOP has permissibly maintained that the
  petitioner is not eligible for early release because he did not
  complete a "Bureau of Prisons residential drug abuse treatment
  program."  See 28 C.F.R. 550.58(a)(3)(1997).  Viewing this
  regulation in the light of the statute as a whole and its
  legislative history, we think that the BOP's position
  constitutes a reasonable and permissible construction of the
  statute.  We have no occasion to apply the rule of lenity.  We
  also decline to consider the petitioner's equal protection
  argument since it was not raised below.  The remaining cases
  that the petitioner cites in support of his claim do not
  address the issue presented here.  Consequently, they have no
  bearing on this case.  
            In view of the foregoing, the judgment of the
  district court is affirmed.  See Local Rule 27(c).       

